**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CLETO GUTIERREZ-SEVILLA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:26-cv-1062 |
| | ) | |
| KRISTIE NOEM *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER**

I.      INTRODUCTION

Presently pending before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition") (Docket No. 3). Petitioner Cleto Gutierrez-Sevilla ("Petitioner") is a native and citizen of Nicaragua who crossed the border into the United States without inspection, was detained without a warrant, then released into the interior, and after the passage of time was detained on or about August 8, 2025 and taken into custody by Immigration and Customs Enforcement ("ICE") at Moshannon Valley Processing Center.

For the reasons set forth herein, the Petition shall be granted in part and denied in part.  The Writ shall issue and Petitioner shall be afforded a bond hearing.

II.     DISCUSSION

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under 8 U.S.C. § 1225(b)(2), and, therefore, that he is entitled to a bond hearing. The Court agrees. In reaching this conclusion, this judicial officer is mindful of the interpretive canon of constitutional avoidance[1] and is constrained by what is believed to be

---

[1]      In addition to her statutory arguments, Petitioner also asserts an alleged constitutional violation of the Due Process Clause as an additional basis in support of his Petition.  Respondents acknowledge that there may come a time when mandatory civil detention without a bond hearing becomes unreasonable and thus unconstitutional.  *See German*

1

controlling authority on this issue. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (Alito, J.). Absent authority from the Supreme Court or the Third Circuit instructing a different interpretation, this judicial officer follows *Jennings* and joins the overwhelming majority of district court judges within the Third Circuit in holding that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens such as Petitioner who are already present in the United States when detained and thus not "seeking" admission. *See Miguel Reyes Martinez v. Oddo,* No. 3:26-cv-1226, 2026 WL 1980883 (W.D. Pa. July 9, 2026) (Hardy, J.); *see also, e.g.*, *Calzado Diaz v. Noem*, No. 3:25-cv-458, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) (Haines, J.) (holding that "§ 1225(b)(2) is tethered more closely to the border and speaks to the potential detention of aliens there, whereas § 1226(a) applies more readily to the potential detention of aliens who have been living within the country"); *Alvarez v. Noem*, No. 3:26-cv-73, 2026 WL 545382 (W.D. Pa. Feb. 26, 2026) (Ranjan, J.) (same); *Silva Cova v. Rose*, No. 3:26-cv-101, 2026 WL 376921 (W.D. Pa. Feb. 11, 2026) (Stickman, J.) (same). Accordingly, the Court holds that Petitioner has a statutory right to an individualized bond hearing.

III.    CONCLUSION

Therefore, for the reasons set forth, Petitioner's Petition for Writ of Habeas Corpus is GRANTED IN PART AND DENIED IN PART.

---

*Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 211 (3d Cir. 2020) (analyzing detention and Due Process Clause limits under §1226(c)). However, the Supreme Court has held that detention during removal proceedings is a constitutionally permissible part of that process. *See Demore v. Kim*, 538 U.S. 510, 531 (2003); *see also Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that detention beyond the removal period per 8 U.S.C. § 1231 for a period of less than six months pending removal is presumed constitutional). As noted above, the parties (and other courts) have sparred over competing interpretations of §§ 1225 and 1226, thus part of the Court's consideration when interpreting these statutory provisions is whether a particular interpretation would avoid implicating a constitutional concern. *See Clark v. Martinez*, 543 U.S. 371, 380-82 (2005); *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025). The Court's conclusion that § 1226 applies here, and that Petitioner is entitled to a bond hearing thereunder, is based in part upon this canon of constitutional avoidance. Consequently, the Court need not address Petitioner's constitutional basis in order to grant his Petition.

Accordingly, the Court enters the following Order:

AND NOW, this 27th day of July, 2026, IT IS HEREBY ORDERED that Petitioner Cleto Gutierrez-Sevilla's Petition for Writ of Habeas Corpus (Docket No. 3) is GRANTED to the extent that the Writ shall issue on the following terms:

1. Within thirty (30) days of this Order, Petitioner must receive an individualized bond hearing conducted by an immigration judge pursuant to 8 U.S.C. § 1226.

The Petition is DENIED in all other respects.

The Clerk of Court shall mark this case closed.

_/s/ W. Scott Hardy_
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record